UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFERY A. BAILEY,

    Plaintiff,

v.

STATE OF WASHINGTON, et al.,

    Defendant.

CASE NO. 3:22-CV-5902-BJR-DWC

ORDER DECLINING TO SERVE

The District Court has referred this action to United States Magistrate Judge David W. Christel. This matter is before the Court on plaintiff's filing a proposed amended complaint. Dkt. 4. Having reviewed and screened Plaintiff's amended complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim, but provides Plaintiff leave to file a second amended pleading by March 31, 2023, to cure the deficiencies identified herein.

**I. BACKGROUND**

Plaintiff initiated this matter on November 21, 2022. Dkt. 1. The Court declined to serve plaintiff's originally-filed complaint because it was not clear whether plaintiff sought to pursue a civil action for damages pursuant to 42 U.S.C. § 1983 or a habeas petition for release from

confinement. Dkt. 3. The Court required plaintiff to file either an amended complaint or—if he sought release—a habeas petition. *Id*.

Plaintiff has filed an amended complaint bringing civil claims under § 1983. Dkt. 4. Plaintiff contends his due process rights have been violated because he has been held more than 127 days since a finding of incompetency, without admission to Western State Hospital for competency restoration services. Id. at 4–5. Plaintiff contends this delay violates his due process rights and seeks an award of monetary damages. Id. at 9. Plaintiff names as defendants Thurston County Prosecuting Attorney Tim Tunheim, the Thurston County Prosecutor's Office, the State of Washington, Western State Hospital ("WSH") and the Washington State Department of Social and Health Services ("DSHS"). Id. at 3.

## II. DISCUSSION

**A. Legal Standards**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

**B. Improper Defendants**

Plaintiff names as defendants several governmental entities—the State of Washington and two of its agencies, and the Thurston County Prosecutor's Office—that cannot be sued under § 1983. In addition, plaintiff names an individual prosecutor as a defendant but alleges no personal participation in the alleged wrongs and no facts demonstrating that prosecutorial immunity would not foreclose an action for damages.

1. <u>State Entities</u>

Neither the State of Washington nor arms of the state, including WSH and DSHS, are proper defendants in a § 1983 case. Such a claim may only be brought against "persons" acting under color of state law. 42 U.S.C. § 1983. However, the Supreme Court has held a state is not a "person" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a State is not a person within the meaning of § 1983"); *Hale v. Arizona,* 993 F.2d 1387, 1398-

99 (9th Cir. 1993) (en banc) (Arizona Department of Corrections is an arm of the State of Arizona). Consequently, a State cannot be sued for damages or injunctive relief. *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 (1997) ("we have held that § 1983 actions do not lie against a State").

Additionally, the Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent, and there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72 (1996) *overruled in part by Cent. Va. Cmty. College v. Katz*, 546 U.S. 356, 363 (2006); *Nat. Res. Def. Council v. California Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996). The State of Washington is therefore immune from suit.

The State of Washington and its agencies cannot be sued under § 1983 and are improper defendants in this case.

2. <u>Municipal Entities</u>

The Thurston County Prosecutor's Office is likewise not a legal entity capable of being sued. Rather, the municipality, Thurston County, would be the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016). To set forth a § 1983 claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or the entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

A municipality will not be liable under § 1983 for acts of negligence by its employees or for an unconstitutional act by a non policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir. 1989). Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non-policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

Plaintiff has not named Thurston County as a defendant and has also not alleged facts to show Thurston County is liable. *See* Dkt. 1-2. If plaintiff seeks to sue Thurston County, he must name Thurston County as a defendant, allege facts sufficient to meet the required elements of a claim against a municipality, and show Thurston County violated his constitutional or statutory rights.

3. Prosecutor Tim Tunheim

Finally, plaintiff has named Thurston County Prosecutor, Tim Tunheim as a defendant. But plaintiff makes no allegations of any personal participation by defendant Tunheim in the alleged violation of his constitutional rights. A § 1983 suit cannot be based solely on the basis of supervisory responsibility or position; instead, plaintiff must allege a defendant's own conduct violated his civil rights. *City of Canton*, 489 U.S. at 385-90. Thus, plaintiff must allege some facts that would support a claim that a supervisory defendant either personally participated in or directed the alleged deprivation of constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or implemented a deficient policy that 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

In addition, a prosecutor is immune from claims for damages "'when performing the traditional functions of an advocate.'" *Calhoun v. King Cty. Prosecuting Attorney's Office*, 348 F. App'x 299, 300 (9th Cir. 2009) quoting *Kalina v. Fletcher*, 522 U.S. 118, 131, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope,* 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427). Defendant Tunheim is therefore immune from any claims for damages based upon action he has taken in his capacity as an advocate.

### III. INSTRUCTION TO PLAINTIFF AND THE CLERK

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not

as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

If Plaintiff fails to file a second amended complaint or fails to adequately address the issues raised herein on or before March 31, 2023, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint.

Dated this 28th day of February, 2023.

*[signature]*
David W. Christel
Chief United States Magistrate Judge